# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

**ARMANDO S. RUIZ,**

        **Plaintiff,**

        v.                                CASE NO. 13-3045-SAC

**(FNU) CLIFTON, et al.,**

        **Defendants.**

## MEMORANDUM AND ORDER

This matter is a civil rights action filed pursuant to 42 U.S.C. § 1983. Plaintiff, a prisoner at the Shawnee County Jail, proceeds pro se and seeks leave to proceed in forma pauperis.

Plaintiff's motion is governed by 28 U.S.C. § 1915(b). Because plaintiff is a prisoner, if he is granted leave to proceed in forma pauperis, he must the $350.00 filing fee in installments based upon his monthly income. The court has reviewed the financial materials supplied by plaintiff and finds his jail account has a negative balance. The court therefore will grant leave to proceed in forma pauperis and will not impose an initial partial filing fee.

*Screening*

A federal court must conduct a preliminary review of any case in which a prisoner seeks relief against a governmental entity or an officer or employee of such an entity. *See* 28 U.S.C. §1915A(a). Following this review, the court must dismiss any portion of the complaint that is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary damages from a defendant who is immune from that relief. *See* 28 U.S.C. § 1915A(b).

To avoid a dismissal for failure to state a claim, a complaint

must set out factual allegations that "raise a right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). The court accepts the well-pleaded allegations in the complaint as true and construes them in the light most favorable to the plaintiff. *Id*. However, "when the allegations in a complaint, however, true, could not raise a [plausible] claim of entitlement to relief," the matter should be dismissed. Id. at 558.

Pleadings filed by a pro se litigant must be liberally construed. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). However, a court need not accept "[t]hreadbare recitals of the elements of a cause action supported by mere conclusory statements." *Ashcroft v. Iqbal*, 556 U.S. 662, ___, 129 S.Ct. 1937, 1949 (2009).

The complaint asserts two claims for relief: first, plaintiff claims that defendant Clifton, an officer at the jail, acted with deliberate indifference to his safety. Plaintiff claims that as a result, he was assaulted by a younger inmate and sustained permanent injuries. Second, plaintiff claims that he was denied free copies on several occasions and was advised that because he has an attorney, he would not receive free copies. He claims that as a result, he nearly missed a filing deadline. He seeks declaratory and injunctive relief and damages.

Having considered these claims, the court finds plaintiff has sufficiently alleged a violation of his rights concerning the claim that a jail official failed to adequately protect him from assault. The court will direct a response on that issue and service upon defendant Clifton, the sole defendant identified in Count 1.

However, plaintiff's claim that he was denied free copies fails to state a claim for relief. Under the Fourteenth Amendment, plaintiff

has "the right to 'adequate, effective, and meaningful' access to the courts." *Petrick v. Maynard*, 11 F.3d 991, 994 (10th Cir. 1993). A prisoner claiming a denial of that right must show an "actual injury" arising from the inadequate assistance alleged. *Lewis v. Casey*, 518 U.S. 343, 349 (1996). Plaintiff fails to plead such an injury, as he asserts only that he almost missed a filing deadline. Accordingly, the court will dismiss this claim and the remaining defendants.

IT IS, THEREFORE, BY THE COURT ORDERED plaintiff's motion for leave to proceed in forma pauperis (Doc. 2) is granted. Collection action on the $350.00 filing fee shall continue pursuant to 28 U.S.C. § 1915(b)(2) until plaintiff satisfies the fee obligation.

IT IS FURTHER ORDERED the claim of a denial of access to the courts asserted in Count 2 is dismissed and defendants Eckhart and the Shawnee County Jail are dismissed.

IT IS FURTHER ORDERED the clerk of the court shall issue waiver of service forms to defendant Clifton pursuant to Rule 4 of the Federal Rules of Civil Procedure.

Copies of this order shall be transmitted to the plaintiff, to the Finance Office of the facility where he is housed, and to the Shawnee County Counselor.

**IT IS SO ORDERED.**

DATED: This 23rd day of April 2013, at Topeka, Kansas.

S/ Sam A. Crow
SAM A. CROW
U.S. Senior District Judge